**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SUPERIOR BAY MARINE OF ALABAMA, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION 25-0359-WS-B** |
| **LUXEMBORG TRADING, LLC,** | ) | |
| **Defendant.** | ) | |

# ORDER

As set forth in a previous order, (Doc. 8), the complaint was filed on August 25, 2025.[1] Summons issued on August 28, directed to the defendant "by and through It's [sic] Registered Agent, Irma Isabel Pruneda." (Doc. 3). There is no indication that the plaintiff attempted or perfected service on Pruneda. Instead, according to a return of service, the defendant was served by leaving process at a private residence, apparently within the state of Texas, with one Carmen Hernandez, identified as the defendant's office manager, "a person of suitable age and discretion who resides" at the residence. (Doc. 7 at 2). Service was purportedly accomplished on September 17. (*Id*.).

As noted in the previous order, Rule 4(h) requires that service on an artificial entity be accomplished either by following the law of the forum state (or the state in which service is made), or by delivering process to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1), 4(h)(1). Alabama law provides similarly, Ala. R. Civ. P. 4(c)(6); the Court has not researched Texas law.

After setting forth this background, the Court ordered the plaintiff, if it believed it had effected good service on the defendant, to so demonstrate, on or before December 10,

---

[1] All dates herein are 2025.

and it explained what the plaintiff must do to make such a showing. (Doc. 8 at 1-2). Failing a showing of good service, the plaintiff was ordered to show cause why this action should not be dismissed pursuant to Rule 4(m). (*Id*. at 2).

The plaintiff has done neither. Instead, it simply posits that it perfected service despite the facial irregularities in its methodology and proof. (Doc. 9). Because the plaintiff has demonstrated neither good service nor good cause for its failure to effect good service, this action is **dismissed without prejudice** pursuant to Rule 4(m).

DONE and ORDERED this 15th day of December, 2025.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE